UNITED STATES of America, Plaintiff,

v.

Noe COLIMA–MONGE, Defendant.

No. CR 96–305–FR.

United States District Court,
D. Oregon.

Sept. 29, 1997.

Kathleen L. Bickers, Special Assistant U.S. Attorney, Portland, OR, for Plaintiff.

Judith D. Kobbervig, Assistant U.S. Attorney, Portland, OR, for ·Immigration and Naturalization Service.

Nancy Bergeson, Arron Guevara, Assistant Federal Public Defenders, Portland, OR, for Defendant.

OPINION AND ORDER

FRYE, District Judge:

Before the court is the plaintiff's motion for protective order (# 138–1) or, in the al-

ternative, motion to quash subpoena (# 138–2).

## BACKGROUND

On July 1, 1997, this court filed an opinion under seal in which it authorized counsel for the defendant, Noe Colima–Monge, to issue a subpoena duces tecum to the Immigration and Naturalization Service (INS) to obtain the "A-files" for Colima–Monge and his co-defendant, Misael Delgado Monge (a.k.a. Victor Delgado). The court also determined that it would disclose the information returned to the court pursuant to the subpoena duces tecum to counsel for Colima–Monge and to the prosecutor.

On August 20, 1997, the INS moved for a protective order or, alternatively, to quash the subpoena duces tecum. On September 4, 1997, the court sent a copy of the redacted "A-file" for Colima–Monge to his counsel in response to his counsel's unopposed request for that portion of the file.

## APPLICABLE LAW

The Freedom of Information Act (FOIA) requires a federal agency to make records promptly available to a requesting person unless the records fall under an exemption. 5 U.S.C. § 552(a)(3). The following exemptions are at issue here:

(b) (2) [matters that are] related solely to the internal personnel rules and practices of an agency;

. . . .

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source....

5 U.S.C. § 552(b).

## CONTENTIONS OF THE PARTIES

The INS moves for a protective order or, in the alternative, for an order quashing the subpoena, under the Federal Rules of Civil Procedure. This is a criminal case; the Federal Rules of Civil Procedure do not apply.

Colima–Monge does not contend that he is entitled to an unredacted version of his own A-file. The court will not address the issue of redaction of this file further.

The INS contends that the Freedom of Information Act (FOIA), 5 U.S.C. § 552, prohibits disclosure of certain documents in Delgado's A-file. Colima–Monge contends that the documents in Delgado's A-file are relevant to Colima–Monge's motion to dismiss for the deportation of a material witness, namely Delgado. Colima–Monge asks that the court order the INS to produce the entire A-file or, alternatively, conduct an *in camera* review of the file and disclose material information relating to the motion to dismiss.

## ANALYSIS AND RULING

The parties did not cite, and the court is unaware, of any cases discussing the effect of FOIA exemptions on a defendant's constitutional rights. Colima–Monge cites *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), in which the Court discusses the effect of a state statute which provides that all reports obtained in the course of a child abuse investigation must be kept confidential unless they fall within one of eleven exemptions. This court will use *Ritchie* for guidance.

George Ritchie was charged with the crime of sexually assaulting his 13–year–old daughter. During pretrial discovery, Ritchie subpoenaed the state agency which investigated the abuse charges, the Children and Youth Services (CYS) agency, and sought access to the records about his daughter. Ritchie contended that he was entitled to the information because the file might contain the names of favorable witnesses and other exculpatory evidence, and that it would allow his attorney to more effectively cross-examine his daughter, the only witness to the alleged assaults. CYS refused to comply with the subpoena, citing a Pennsylvania law which kept the investigatory records of the CYS confidential, subject to some exemptions such as produc-

tion pursuant to a court order. *Id.* at 43–44, 107 S.Ct. at 994. The Court held that the failure to disclose the CYS file did not violate Ritchie's rights under the Confrontation Clause of the United States Constitution because his attorney was able to cross-examine all trial witnesses fully, including the daughter. *Id.* at 54, 107 S.Ct. at 1000. Using a due process analysis, the Court held that Ritchie was entitled to have the CYS file reviewed by the trial court to determine whether it contained information that probably would have changed the outcome of his trial and, if so, he was entitled to a new trial. *Id.* at 58, 107 S.Ct. at 1002.

■ This court concludes that the interest of society in preserving the FOIA exemptions to disclosure is no stronger than the interest of society in requiring the confidentiality of the CYS files in *Ritchie*. Documents requested through the FOIA are presumptively disclosable unless they fall within an exemption; documents generated during a CYS abuse investigation are presumptively confidential unless they fall within an exemption. Accordingly, the court will use the procedure outlined in *Ritchie* and perform an *in camera* review of the portion of Delgado's A-file which the INS wishes to redact. If the information is relevant to either the charges against Colima–Monge, or to his motion to dismiss, the court will order disclosure of those documents. The court will also disclose the portions of Delgado's A-file to which the INS has not objected. Because the documents are currently in the court's possession, the final production will come from the court rather than the INS offices.

■ The INS seeks to withhold a three-page computer printout dated December 11, 1996. The printout contains only the most basic information about Delgado's arrest under state charges and the dismissal of the charges. The information is not relevant to Colima–Monge's federal charges or to his motion to dismiss. The court will withhold the three pages.

■ The INS seeks to withhold a one-page computer printout dated August 14, 1996 based on the exemption for documents related solely to the practices of an agency.

This document gives information concerning Delgado's departure from the United States and, thus, could be relevant to Colima–Monge's motion to dismiss. The court will produce the document to Colima–Monge.

■ The INS seeks to redact the names of government personnel contained on three separate documents under the exemption for invasion of privacy in records compiled for law enforcement purposes. The first document, a form G–166C dated December 11, 1996, is a memorandum of investigation which discusses Delgado's deportation. This document is relevant to Colima–Monge's motion to dismiss. The court will produce an unredacted copy of the document. The second document, a form I–265 dated July 11, 1996, is an application for an order to show cause and a bond/custody processing sheet. The third document, a form 1–213 dated July 12, 1996, is a record of deportable alien. The signatures on these documents are not relevant to the charges against Colima–Monge or to his motion to dismiss. The court will only produce the redacted version of both documents.

## CONCLUSION

The plaintiff's motion for protective order (# 138–1) is DENIED. The plaintiff's alternative motion to quash subpoena (# 138–2) is GRANTED in part as stated above. The court will provide to the prosecution copies of all documents produced pursuant to the INS subpoena. The court will file the redacted and unredacted versions of the two A-files under seal to allow appellate review.

IT IS SO ORDERED.